# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JAMIE L. YATES,<br><br>           Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>           Defendant. | Case No. 2:17-cv-01626-KJD-VCF<br><br>**REPORT & RECOMMENDATION**<br><br>MOTION FOR REVERSAL AND/OR REMAND (ECF NO. 12); CROSS MOTION FOR SUMMARY JUDGMENT (ECF NO. 16). |

Before the court is Plaintiff Jamie L. Yates's ("Yates") motion for reversal and/or remand (ECF No. 12) and Defendant Nancy A. Berryhill, Acting Commissioner of Social Security's cross-motion for summary judgment (ECF No. 16). At issue here is whether the ALJ properly evaluated Yates's testimony regarding her pain and whether the ALJ gave clear and convincing reasons, why her testimony was not credible. For the following reasons, the Court recommends that the Commissioner's cross motion to affirm be granted.

## BACKGROUND

This case arises under Title II of the Social Security Act. On July 13, 2013, Yates filed an application for a period of disability insurance benefits under the Social Security Act, 42 U.S.C. § 423. (*See* AR at 148-51).[1] The agency denied Yates's initial application on November 7, 2013. (*Id.* at 80-83). On November 20, 2013, Yates requested reconsideration of the initial determination, which the Commissioner denied on October 23, 2014. (*Id.* at 88-95). Yates requested a de novo hearing before an

---

[1] The Administrative Record can be found at ECF No. 11.

Administrative Law Judge ("ALJ") on October 31, 2014. (*Id.* at 96). Following this December 8, 2015 hearing, ALJ David K. Gatto issued an unfavorable decision against Yates denying her benefits. (*Id.* at 17-26). Yates subsequently requested the Appeals Council review the ALJ's decision, which the Appeals Council denied for review on April 18, 2017. (*Id.* at 1-7). The ALJ's decision became final upon the Appeals Council's denial of Yates's request. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012). Yates filed a complaint seeking judicial review of the ALJ's decision under 42 U.S.C. 405(g), on June 11, 2017. (ECF No. 1).

## STANDARD OF REVIEW

Social security benefits constitute a valid, protected property interest for applicants and recipients under the Fifth Amendment. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts are authorized to review the Commissioner's final decision denying benefits under 42 U.S.C. § 405(g). *See also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a United States Magistrate Judge). The district court will only reverse the Commissioner's decision where there is a legal error, or the decision is not supported by substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal citations omitted)). If such substantial evidence exists in the record to support the ALJ's finding, the Court may not "engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The Court must only evaluate the reasons the ALJ offers for denying a claimant and may not rely on an independent finding of the record. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

## DISCUSSION

The ALJ determined that Yates's severe impairments include degenerative disc disease of the lumbar spine and obesity. (AR at 19). The ALJ explained that Yates's claims regarding her history of episodic vertigo/Meniere's disease, polycystic ovarian syndrome, chronic sinusitis, history of insomnia, GERD, fatty liver, pregnancy and history of fatigue were non-severe impairments. (*Id.* at 19-20). Based

on a consideration of the record, the ALJ determined that Yates has the residual functional capacity to perform light work, with the exception that she can only frequently climb ramps and stairs, never climb ladders, ropes or scaffolds, frequently balance and occasionally stoop, kneel, crouch, and crawl. (*Id.* at 21).

The ALJ assigned little weight to Yates's treating physician Dr. Kim because the reports given were not consistent with Dr. Kim's longitudinal treatment records, which did not document the frequency and intensity of symptoms he described in the form. (*Id.* at 23). The ALJ assigned significant weight to Dr. Dhaliwal's opinion because it was supported by and consistent with the balance of the relevant medical evidence of record. (*Id.*).

At the hearing, Yates testified that she stopped working in May of 2010 "due to [her] back injury." (*Id.* at 39). She testified that because of her pain, she cannot drive (*id.* at 36), keep her neck in one position (*id.* at 42), stand for longer than 10 or 15 minutes (*id.* at 41), nor attend any social activities outside of the house (*id.* at 43). Yates testified that she takes ibuprofen, Hydrocodone and acetaminophen to relieve her pain (*id.* at 44), and participates in daily "physical therapy, stretching, heat, [and uses a] TENS unit." (*Id.* at 37). Yates stated that she experiences "severe" side effects from the medications. (*Id.* at 36).

Yates narrowly challenges the ALJ's assessment. Yates argues that the ALJ erred in rejecting her subjective testimony regarding the severity, intensity, and persistence of her conditions. (ECF No. 12 at 4). The Commissioner argues that the ALJ properly evaluated Yates's testimony and that his decision is supported by substantial evidence in the record. (ECF No. 16). The Court agrees with the Commissioner.

## DISCUSSION

When a claimant offers subjective testimony relating to the severity and intensity of their disability, the ALJ must follow a two-step process in evaluating a claimant's symptoms. SSR 96-7, 1996 LEXIS 4; SSR 16-3p, 2016 LEXIS 4.[2] First, the ALJ must assess whether the claimant's testimony relies upon

---

[2] Both sides acknowledge that SSR 16-3p superseded SSR 96-7 in 2016. (ECF No. 12 at 6; ECF No. 16 at 6). Regardless of this new rule, the substantive evaluation of whether a claimant's severity of their symptoms has not changed and is still governed by the regulations and Ninth Circuit precedent. Because SR 96-7 was in effect at the time of the decision, the ALJ

objective medical evidence regarding the underlying impairment that "could reasonably be expected to produce the...symptoms" the claimant alleges. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). If the ALJ decides the claimant's testimony follows from objective medical evidence, and there is no affirmative evidence of malingering, the ALJ must articulate "clear and convincing" reasons for rejecting the claimant's testimony, citing to the specific testimony in question. *Garrison*, 759 F.3d at 1014-15.[3] The ALJ must "identify what testimony is not credible and what evidence undermines the claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted)).

Here, the ALJ correctly applied the two-step process in rejecting Yates's testimony regarding the intensity, persistence and limiting effects of her symptoms. First, the ALJ identified that Yates's underlying medical impairment could reasonably cause some of her alleged symptoms. (AR at 21). Second, the ALJ evaluated the intensity, persistence and limiting effects of her symptoms, ultimately rejecting Yates's statements regarding her symptoms. (*Id.*). The ALJ gave several reasons, including Yates's refusal to pursue recommended treatment and pain management, a several month gap in treatment after the date she stopped working due to her symptoms, inconsistencies between her testimony regarding the limiting nature of her symptoms and the objective medical records, and reports about frequent exercise. (*See id.* at 22). The Court finds that the ALJ provided sufficiently specific, clear and convincing reasons to reject Yates's testimony.

To find that Yates's testimony was not credible, the ALJ relied both upon: (1) Yates's failure to seek treatment for significant periods of time, and (2) her ability to effectively manage her pain with

---

was bound to that Ruling and it is not erroneous to rely upon that determination. *Roberts v. Berryhill*, No. 16-35798, 2018 U.S. App. LEXIS 13904, at *3 n.2 (9th Cir. May 25, 2018); *see also Petersen v. Berryhill*, No. 16-35989, 2018 U.S. App. LEXIS 16495 (9th Cir. June 19, 2018).

[3] The Commissioner notes that this standard does not comport with the generally deferential standard given to agency decisions (ECF No. 16 at 6), however, the Ninth Circuit has clearly, and repeatedly articulated that the ALJ must provide "clear and convincing" reasons for rejecting a claimant's testimony. *See e.g., Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

1 medications. The ALJ may rely upon a claimant's failure to seek treatment as a factor effecting the
2 credibility of the claimant's testimony. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012); *see also*
3 SSR 16-3p, 2016 LEXIS 4. "Impairments that can be controlled effectively with medication are not
4 disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of the SSA*, 439
5 F.3d 1001, 1006 (9th Cir. 2006). When there is evidence of conservative treatment, the ALJ may discredit
6 a claimant's testimony regarding the severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th
7 Cir. 2007).

8 Yates argues that because the ALJ did not account for her treatment prior to 2010, the ALJ did not
9 provide a "valid reason for discounting [her] pain and symptom testimony." (ECF No. 12 at 8). This,
10 however, is an inaccurate assessment of the ALJ's decision. The ALJ noted that while Yates "underwent
11 lumbar epidural steroid injections and SI injections, which provided 70-75% pain relief in 2009," she
12 received "very little treatment prior to 2012." (AR at 22). The ALJ reasoned that this gap in treatment
13 was a factor that effected the credibility of Yates's testimony and is supported by substantial evidence in
14 the record. The ALJ notes that throughout the record, Yates declined referrals for pain management and
15 physical therapy. Declanation of these referrals and gap in treatement affected the credibility of Yates's
16 testimony. (*Id.*).

17 The ALJ also cited the inconsistency between Yates's generally conservative prescribed course of
18 treatment and the effectiveness of medications with her testimony regarding the severity of her disabling
19 limitation. (*Id.*). In her testimony, Yates stated that the medications she is on do not give her any relief
20 from her pain and that she experiences severe side effects from the medication. (*Id.* at 36). The ALJ found
21 that this was inconsistent with her reports to her doctors citing reports from 2015 that "her pain is
22 controlled with [Lortab]." (*Id.* at 479).

23 The ALJ misstated that Yates "was on no medications in 2010" in his findings. (AR at 22). The
24 record reflects that in October of 2010, Yates was taking ibuprofen, which "controlled" her back pain. (*Id.*
25 at 438). When the ALJ makes an error in his determination, remand is inappropriate if that error was

harmless. *Molina v. Astrue*, 674 F. 3d 1104, 1115 (9th Cir. 2012). ("[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina v. Astrue*, 674 F. 3d 1104 (9th Cir. 2012) (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1197 (9th Cir. 2004). The ALJ's error in this case does not change the fact that Yates did not seek treatment consistent with her testimony. Additionally, the ALJ based his decision on other inconsistent testimony and thus the error was harmless to the overall decision.

The ALJ also relied on contradictions between the objective medical evidence and Yates' testimony in rejecting her statements regarding her symptoms. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). If the ALJ's findings are supported by "inferences reasonably drawn from the record" the Court must uphold the ALJ's decision even if the "evidence is susceptible to more than one rational interpretation." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Yates testified that she is unable to drive, take care of her daughter, sit for long periods, or stand for more than 10 to 15 minutes. AR at 36, 37, 41. The ALJ found that "despite her reports, objective medical examinations reveal only mild findings" with "[n]o evidence of loss of strength, motor strength, atrophy of muscles, or denervation." (AR at 22). Yates's MRI in 2012 did not show significant change since her 2009 MRI with "no evidence of leg pain, radiculopathy, cauda equine, or myelopathy. (AR at 22). Following treatment, Yates informed her doctors that her pain was only a 3 or 4 on a 10 point scale which the ALJ found did not suggest a "debilitating level." (AR at 22).

The Court finds that the ALJ based his determination on substantial evidence in the record, reflecting that Yates could perform past relevant work as a secretary. The ALJ provided clear and specific reasons for rejecting Yates's testimony based on inconsistent reports by Yates and the objective medical findings.

## CONCLUSION

ACCORDINGLY, and for good cause shown

IT IS RECOMMENDED that Plaintiff Jamie L. Yates's Motion for Reversal and/or Remand (ECF No. 12) be DENIED.

IT IS FURTHER RECOMMENDED that Defendant Nancy A. Berryhill, Acting Commissioner of Social Security's Cross-Motion for Summary Judgment (ECF No. 16) be GRANTED.

DATED this 24th day of July, 2018.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE